# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Crim. No. 13-009(1) |
| | ) | |
| **DARNELL DEVERS JR.** | ) | |
| | ) | |

## ORDER SETTING SENTENCING HEARING

AND NOW, this 2nd day of October, 2013, Defendant Darnell Devers Jr. having pleaded guilty to Count One of the Indictment filed at Criminal No. 13-9, and in accordance with the Sentencing Reform Act of 1984, 18 U.S.C. § 3551, et seq., and the United States Sentencing Guidelines promulgated under that Act and the Sentencing Commission Act, 28 U.S.C. § 991, et seq., IT IS HEREBY ORDERED as follows:

1.  A sentencing hearing in this matter shall be held on January 9, 2014, at 1:00 p.m. in Courtroom 8A, 8th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.

2.  The probation office shall prepare a Presentence Investigation Report ("PSR") in accordance with Federal Rules of Criminal Procedure 32(c) and 32(d). In accordance with Local Criminal Rule 32, the probation office shall disclose the tentative PSR to only the defendant, the defendant's attorney, and the attorney for the government no later than November 21, 2013.

3.  Pursuant to Local Criminal Rule 32.C.2, if either party disputes facts or factors contained in the PSR that are material to sentencing, or seeks the inclusion of additional facts or factors material to sentencing, it is that party's obligation to pursue the administrative resolution of that matter through a presentence conference with opposing counsel and the probation officer no later than December 5, 2013.

4. No later than December 5, 2013, the probation officer shall notify the attorneys for the government and the defendant of those matters that have, or have not, been administratively resolved.

5. Following the 3 week time period for administrative resolution, the probation officer **shall** disclose the Presentence Investigation Report as may be amended, to the Court, the defendant, the attorney for the defendant, and the attorney for the government no later than December 5, 2013.

6. Each party **shall** file with the Court a "Position of [Defendant/Government] With Respect to Sentencing Factors," pursuant to Fed.R.Crim.P. 32(f) and § 6A1.2(b) of the U.S.S.G. no later than December 12, 2013. This pleading **shall** set forth any objections to the PSR and any anticipated grounds for: (a) departure from the advisory guidelines sentencing range; or (b) a sentence outside of the advisory guideline sentencing range, pursuant to the provisions of 18 U.S.C. § 3553(a). The party's Position with Respect to Sentencing Factors shall be accompanied by a written statement certifying that filing counsel has conferred with opposing counsel and with the probation officer in a good faith effort to resolve any disputed matters.

7. A party **shall** file a response to the opposing party's Position with Respect to Sentencing Factors no later than December 19, 2013.

8. After receiving the parties' positions, the probation officer shall make any necessary investigation and revisions to the PSR. No later than December 26, 2013, the probation officer **shall** prepare and serve an addendum to the PSR that sets forth any unresolved objections to the PSR, the grounds for those objections, the responses thereto, and the probation officer's comments thereon. The probation officer shall certify that the PSR, together with any revision

thereof and any addendum thereto, has been disclosed to the defendant and all counsel of record, and that the addendum fairly sets forth any remaining objections and responses.

9. No later than January 2, 2014, a party may file supplemental information or a memorandum with respect to sentencing of the defendant, and shall serve the same upon the probation officer. If counsel for the defendant intends to submit letters to the Court for consideration at sentencing, said letters should be electronically filed at least seven calendar days before sentencing. Opposing counsel may file a response to any supplemental information or memorandum no later than three days before sentencing.

10. For good cause shown, the Court may allow additional information and memoranda, and the responses thereto, to be raised at any time prior to the imposition of sentence.

                                                S/Maurice B. Cohill, Jr.
                                                Maurice B. Cohill, Jr.
                                                Senior United States District Judge